**STATE of Missouri, Respondent,**

v.

**Jesse Franklin COLLINS, Appellant.**

**No. 50268.**

Supreme Court of Missouri,

Division No. 1.

Oct. 12, 1964.

Rehearing Denied Nov. 9, 1964.

---

2. The effective date of § 523.045, V.A.M.S., which regulates interest on condemnation awards. (Laws 1959, S.B. 248.)

Thomas F. Eagleton, Atty. Gen., Jefferson City, Pendleton Goodall, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

William H. Webster, Richard J. Sheehan, St. Louis, for appellant.

HYDE, Presiding Judge.

Defendant, charged under the habitual criminal statute (Sec. 556.280), was convicted of illegal sale of a narcotic drug and sentenced to 15 years' imprisonment. Secs. 195.020 and 195.200. Statutory references are to RSMo and V.A.M.S. except as noted. Defendant was represented at the trial by retained counsel of his own choice who filed his motion for new trial, and on this appeal by able appointed counsel.

■ Defendant makes no contention that the evidence was insufficient to make a submissible case and it was obviously sufficient. Defendant's claims of error are (1) denying his motion to quash the information substituted for the indictment; (2) sentencing under the habitual criminal statute because of failure to prove and failure to find imprisonment under a prior conviction; (3) improperly limiting cross-examination of state's principal witness to the sale; (4) giving Instruction No. 2; (5) permitting testimony of additional

criminality of defendant; and (7) failing to instruct on defense of entrapment. Defendant also says (as Assignment 6) we should consider a subsequent murder conviction of the State's principal witness on a plea of guilty. We dispose of this latter contention by saying we cannot consider matters not in the record, occurring after the trial and entirely unrelated to the case against defendant. The case cited by defendant, City of St. Louis v. Vetter, Mo. App., 293 S.W.2d 140, as authority for this contention involved convictions for traffic violations of ordinances that both parties stipulated had been repealed before the date of the offenses charged. Of course, the convictions in that case were invalid but in this case the facts defendant seeks to have us consider would not show his conviction to be invalid but go only to the credibility of a witness and would only be cumulative of other evidence on that issue.

■ Assignment 1 is based on substitution by the state, for the indictment, of an information alleging defendant's two prior convictions of the offense of illegal possession and sale of a narcotic drug, in 1951, and sentences thereon served concurrently. Defendant argues that the substituted information should be quashed saying Sec. 545.300 authorized substitution when an indictment is held to be insufficient and there was no such ruling herein. Defendant concedes that we have decided this contrary to his contention in State v. Green, Mo.Sup., Div. 2, 305 S.W.2d 863, 868. Defendant says this ruling was based on our Rule 24.02 but claims it is in conflict with State ex rel. Downs v. Kimberlin, Banc, 364 Mo. 215, 260 S.W.2d 552, 555, decided six months after Rule 24.02 became effective. However, the Downs case involved a case in which an indictment was quashed as insufficient and the issue of substitution of an information for other reasons was not involved. Defendant considers Rule 24.02 to be broader than the statute. We do not agree but if it is Rule 24.02 governs since it was adopted under our rule-making authority established by Sec. 5, Art. V, of our

Constitution. State ex rel. Bone v. Adams, Mo.Sup., Banc, 365 Mo. 1015, 291 S.W.2d 74, 77. Sec. 477.010, cited by defendant, does not affect the rule-making authority established by Sec. 5, Art. V, Constitution, but was a part of the 1943 Legislative Code, Laws 1943, p. 353, prior to the adoption of the 1945 Constitution. The substituted information only alleged facts making the habitual criminal statute applicable in determining the punishment and this did not charge an offense different from the original indictment, as defendant erroneously claims. State v. Ninemires, Mo.Sup., 306 S.W.2d 527, 530; State v. Miller, Mo.Sup., 202 S.W.2d 887, 890. Only the same single illegal sale was charged in the substituted information. We hold there was no error in overruling the motion to quash.

Consideration of alleged trial errors 3, 4, 5 and 7 requires the following statement of facts. On the morning of January 7, 1963, Fannie Louise Hall, working with the St. Louis Police Department, made a telephone call from her residence and told defendant she wanted to buy heroin but defendant said he did not have anything. Police officers Schomburg and Schmidt were with her when she called but then left. About 1:00 P.M. she called defendant again telling him she was sick and needed heroin. Defendant told her to call back later. The officers returned to her home and she made two more calls to defendant. When she made the last call about 3:00 P.M., defendant said he would come there in a cab and bring heroin to her. He did so and was paid by Mrs. Hall for the package he delivered with money furnished to her by the officers, who watched the delivery from inside the house, and who testified to seeing the delivery made and immediately receiving from her the package delivered to her by defendant. The package, containing four capsules, was then taken by the officers to a police chemist, who made an analysis of them. He testified that the capsules contained a narcotic known as heroin.

■ Defendant claims (Assignment 3) improper limitation of his cross-examination of Mrs. Hall for the purpose of impeaching her credibility by erroneously approving the physician-patient privilege and the privilege against self-incrimination. By cross-examination, it was shown that Mrs. Hall had been a narcotics addict (the state showed on direct examination that she had been convicted of addiction and stealing by deceit); that she got out of the Malcolm Bliss Hospital (a mental hospital) on Tuesday before the trial and had been there eight or nine days; and that she had a drug cure in 1959 but could use drugs occasionally. She was not required to answer whether she did take occasional drugs because the court considered it might incriminate her. Although Sec. 195.020 and 195.200 did make drug addiction a criminal offense, as defendant points out, we held that provision unconstitutional in State v. Bridges, Mo.Sup., 360 S.W.2d 648. However, defendant's counsel was permitted to recall Mrs. Hall and obtain testimony from her that on the previous day, she had used a narcotic drug known as amphetamine; that at that time she had taken it by mouth but most of the time previously she injected it in a vein and was using about two injections a day. She also said she drank some whiskey the night before and had a small amount of gin that morning. Defendant cites State v. Brotherton, Mo.Sup., 266 S.W.2d 712, 714, in which we said: " 'When a witness is cross-examined he may, in addition to the questions hereinbefore referred to (concerning commission of a crime), be asked any questions which tend to test his accuracy, veracity, or credibility, or to shake his credit by injuring his character.' " We further said therein: "The better doctrine would seem to be that while such questions may be asked the witness on cross-examination it is a matter largely within the discretion of the court before whom the case is to be tried." The cross-examination was proper but in view of the reopening of the matter of use of drugs and the further testimony defendant was permitted to bring out on this issue, we find no abuse of discretion by the court as to cross-examination concerning use of

drugs by this witness. We have the same view concerning defendant's further complaints relating to Mrs. Hall's discussion of her testimony with police officers and her relationship with Eugene Hill, with whom she was living, and other collateral matters.

Concerning the reference to Mrs. Hall being in the Malcolm Bliss Hospital, the State's objection to defendant's counsel's question concerning it actually was overruled as shown by the following proceedings after the physician-patient privilege was discussed:

"MR. FRIEDMAN: No, Your Honor, the question was the day, is that the day. As I understand the question, Mr. White, 'Is that the day you got out of Malcolm Bliss Hospital?'

"THE COURT: That has nothing to do with confidential relationship.

"MR. FRIEDMAN: I submit any reference to any hospital or any doctor to any treatment is inadmissible.

"THE COURT: No,—

"MR. WHITE: I haven't referred to anything touching the privilege between a patient and the doctor.

"THE COURT: I will overrule your objection. Mr. White is on solid ground here. He's asking whether or not she was in the hospital. He asked her when she left the hospital, that is the substance of his question and I think that is a proper question.

"MR. FRIEDMAN: It assumes evidence she was in the hospital.

"THE COURT: She knows whether she was there or not and he can certainly ask her. The objection is overruled.

"MR. FRIEDMAN: One further point. The question is premature.

"THE COURT: I'm only ruling on this thing.

"MR. FRIEDMAN: I'm requesting if any such reference to any patient treatment or hospitalization is made, that you apprise the patient, Your Honor, of her privilege, that's all I request.

"THE COURT: All right, when that time comes the Court will act accordingly."

Defendant's counsel then went on to another matter; nothing thereafter appears concerning a doctor and patient relationship.

■ In this connection, we consider also defendant's Assignment 5, based on permitting testimony about a bribe offered to or solicited by Mrs. Hall. Defendant's counsel brought this out on cross-examination. Mrs. Hall said defendant's sister (the person referred to later denied such relationship) offered her three hundred dollars not to testify against him. Defendant said this in response to a question about being offered money by the police but there was no objection or motion to strike. Instead defendant's counsel cross-examined extensively at various times attempting to obtain admissions from Mrs. Hall that she made an offer to the woman she called defendant's sister, that she would not testify if paid that amount; and the woman referred to who was called as a witness by defendant testified to that version of the conversation. Mrs. Hall denied this and stuck to her original version of the incident. We find no error in any rulings by the court on this examination. Defendant also contends under this assignment that the jury heard some statement of the prosecutor concerning proof of his prior record but the transcript shows this was out of the hearing of the jury. We find no merit in Assignment 5.

■ Assignments 4 and 7 concerning instructions are considered together. As to Instruction No. 2 (presumption of innocence, burden of proof beyond a reasonable doubt, also including credibility of witnesses) defendant says it should have spe-

cifically instructed on the unreliability of testimony given by drug addicts. Defendant also says the court should have instructed on the defense of entrapment. In the first place, defendant's motion for new trial alleged no such error and, in fact, made no specific claim of any error concerning instructions. Furthermore, defendant's counsel upon being asked by the court if he had any instructions to offer said he had none. The matters complained of are not matters on which the court is required to instruct under Rule 26.02 and previous statutes, Sec. 546.070(4); Sec. 4070(4) RS 1939. See State v. Chaney, Mo.Sup., 349 S.W.2d 238, and authorities cited and discussed therein. Moreover, the facts are very different from those in State v. Taylor, Mo.Sup., 375 S.W.2d 58, on which defendant relies as the basis of the defense of entrapment. Therefore, no error appears in the court's action on instructions.

■■■■■ This leaves the issue of the propriety of sentencing under the habitual criminal statute (Assignment 2). The court found a prior conviction in the United States District Court for the Eastern District of Missouri, Eastern Division, (narcotic sale) shown by a properly certified copy of the judgment. See Sec. 490.130; also § 1738, 28 U.S.C.A. This was, as the court found, an offense which if committed in this state would be punishable by imprisonment in the penitentiary, as appears from the certified copy of the January 1951 judgment. The middle name of defendant does not appear in that judgment but the state had evidence of admissions by defendant to police officers that he had been convicted of such offense in January 1951 in the United States District Court, which was sufficient to identify him. We consider that the court had ample evidence for its finding of this former conviction. See Annotation 11 A.L.R.2d 880–886 and Missouri cases cited. However, defendant's admissions did not include imprisonment under this sentence and the court made no finding that defendant was imprisoned therefor, or fined, placed on probation or

paroled, and, thus the finding was insufficient to authorize sentencing by the court. See Sec. 556.280(2). There was in evidence a certificate of the Records Control Supervisor of the Federal Detention Headquarters, New York, N. Y., that defendant was there under sentence of the U. S. District Court, Eastern Division of Missouri, for narcotics possession and sale from January 25, 1951 to August 9, 1954. This might be sufficient under Sec. 490.220, but see State v. Young, Mo.Sup., 366 S.W.2d 386, 388–390; see also State v. Ash, Mo.Sup., 296 S.W.2d 41, 44, and cases cited; nevertheless the State could have made more complete proof and in the absence of the finding by the court required by Sec. 556.280, we cannot affirm the judgment.

We have examined the record as required by our Rules 28.02 and 28.08 and find it sufficient with respect to the sufficiency of the information and verdict, but because of the court's failure to make the required findings to show the habitual criminal statute applicable, it will be necessary to follow the same procedure stated and applied in State v. Hill, Mo.Sup., 371 S.W.2d 278, 282, 283; and at the new hearing defendant's claim (not made at the trial) of inadmissibility of his admissions concerning prior conviction, under Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, may be determined. Therefore, the sentence herein is declared void, the judgment is reversed and the cause remanded with directions to the court to cause the defendant to be brought before it to hold a hearing on the issue of the applicability of the habitual criminal statute to defendant and if proved that, after being sentenced on his former conviction, he was either placed on probation, paroled, fined or imprisoned therefor, to pronounce sentence and judgment against defendant taking all proper procedural steps required therefor by law and the rules of this court but in the alternative if the habitual criminal statute be found inapplicable to the defendant to grant him a new trial on all issues.

All concur.