STATE of Missouri, Respondent,

v.

**Fairl ROGERS, Appellant.**

No. 54069.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 4, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Andrew G. Hernandex, Mary Clare McWilliams, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant appeals from a jury conviction in St. Louis City Circuit Court of burglary in the first degree, RSMo § 569.160 (1986). The trial court found defendant to be a prior and persistent offender and sentenced him to fourteen (14) years in the Missouri Department of Corrections and Human Resources. The trial court further ordered, pursuant to RSMo § 558.019.2(2) (1986), defendant to serve at least sixty percent (60%) of this sentence. On appeal, defendant argues that the trial court erred in (1) overruling defendant's motion for a new trial on the basis of newly discovered evidence; and (2) in sentencing defendant to a minimum prison term pursuant to RSMo § 558.019.2(2) (1986). Finding defendant's contentions to be without merit, we affirm.

The evidence shows that at approximately 12:20 a.m. on March 4, 1987, at 5220 Page Blvd., in the City of St. Louis, defendant broke a lock on a door and entered the premises. He forced open a bedroom door, also locked, and took two television sets out of the residence. Darryl Johnson, who lives in the basement at 5220 Page Blvd., witnessed the burglary and identified defendant at trial as the perpetrator of the crime.

The indictment, filed on April 2, 1987, charged defendant as a prior and persistent offender, but made no reference to defendant's eligibility for a minimum prison term under RSMo § 558.019.2(2) (1986). An information in lieu of indictment was filed on the day of trial, after the close of the State's evidence, incorporating by reference defendant's original indictment and further charging him as a persistent offender pursuant to RSMo § 558.019.2(2) (1986).

In a motion for new trial, defense counsel alleged that new evidence, not available at trial, had been discovered. Defense counsel suggested that Janice Walker had admitted to four witnesses that she had committed the burglary for which defendant was found guilty. Janice Walker was a patient at St. Louis University Hospital from March 2, 1987, to March 6, 1987. Judge Gallagher denied the motion for a new trial.

On appeal, defendant alleges that the trial court abused its discretion in overruling appellant's motion for a new trial. Initially, we note that the Missouri Supreme Court stated the criteria to be used by trial courts when exercising their discre-

tion in granting a new trial on the basis of newly discovered evidence in *State v. Johns*, 679 S.W.2d 253 (Mo. banc 1984), *cert. denied* 470 U.S. 1034, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). The court held that the defendant must prove the following: "(1) the evidence has come to the knowledge of the defendant since the trial; (2) it was not owing to want of due diligence that it was not discovered sooner; (3) the evidence is so material that it would probably produce a different result on a new trial; and (4) it is not cumulative only or merely impeaching the credit of the witness." *State v. Johns*, 679 S.W.2d at 266.

■ The new evidence that defendant seeks to introduce at a new trial is contained in a set of affidavits. The affiants claim that they heard Janice Walker state that the defendant was going to the penitentiary for something that she had done. As a general rule in Missouri, declarations against penal interest by a third party are not admissible as an exception to the hearsay rule in criminal proceedings. *State v. Nunn*, 697 S.W.2d 244, 246 (Mo.App., E.D. 1985). *See also State v. Acklin*, 737 S.W. 2d 743, 745 (Mo.App., W.D.1987).

■ This general rule is subject to the requirement that such statements be admissible as a due process right of the accused if the statements were made under conditions which provided assurance that the statements were reliable. *State v. Acklin*, 737 S.W.2d at 745. In the instant case, three of the affiants are the defendant's girlfriend, the defendant's brother-in-law, and a friend of the defendant. Due to their relationships with the defendant, the affiants' neutral interest in defendant's future is questionable. Ms. Walker further testified that she was in St. Louis University Hospital at the time of the crime having surgery on her neck. Without other corroborated assurances of the trustworthiness of the newly discovered evidence the trial court properly held that declarations against the penal interest of a third party to be inadmissible hearsay.

The defendant has failed in his burden of proving that this "newly discovered evidence" is so material that it would probably produce a different result at a new trial, as the declaration against the penal interest of a third party is inadmissible hearsay and the reliability of the affiants is at most questionable. Point denied.

■ In his second point on appeal, the defendant argues that the trial court erred in sentencing defendant to a minimum prison term pursuant to RSMo § 558.019.2(2) (1986), where the statute was not plead in the indictment, but was plead in an information in lieu of indictment filed after the close of the State's evidence before a verdict had been rendered at trial.

Upon this court's own research, we have determined that Rule 23.08 applies to defendant's second point on appeal. Rule 23.08 states in pertinent part:

> Any information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced ...

We held in *State v. Collier*, that Rule 24.02 (now incorporated in Rule 23.08) permitted an amendment or substitution which invoked the Second Offender Act, as such an amendment does not charge a different offense. *State v. Collier*, 624 S.W.2d 30, 32 (Mo.App., E.D.1981). And, the Missouri Supreme Court held in *State v. Collins*, that where the substituted information only alleged facts making the habitual criminal statute applicable in determining the punishment, said information did not charge an offense different from the original indictment. *State v. Collins*, 383 S.W. 2d 747, 750 (Mo.1964).

■ In the instant case, the information in lieu of indictment was filed with the court before a verdict had been rendered. Therefore, this substitute information is valid pursuant to Rule 23.08 as long as it does not charge a different offense and it does not substantially prejudice the defendant's rights. Pursuant to the holdings in *State v. Collins* and *State v. Collier*, it is clear that invoking a prior and persistent offender statute for minimum sentencing purposes does not constitute a charge of a

different offense. *State v. Collins*, 383 S.W.2d at 750; *State v. Collier*, 624 S.W.2d at 32. We further find that the substitute information in lieu of indictment did not prejudice the appellant's rights. The defendant had notice at the time of the original indictment that he was being charged as a persistent offender pursuant to RSMo § 558.016 (1986), and defendant's counsel upon motion for new trial did not contend that defendant's rights had been prejudiced by the substitute information.

For the above stated reasons, the trial court did not commit reversible error in sentencing defendant to a minimum prison term pursuant to RSMo § 558.019.2(2) (1986), as the substitute information conformed to the requirements set forth in Rule 23.08.

The judgment of the trial court is affirmed.

KAROHL and GRIMM, JJ., concur.