STATE of Missouri, Respondent,

v.

Clarence C. McCANN, Appellant.

Clarence C. McCANN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55224, 56786.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 26, 1990.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Presiding Judge.

A jury convicted Appellant, Clarence McCann (hereinafter McCann), of two counts of attempted robbery in the first degree, § 564.011 RSMo.1986, and two counts of armed criminal action, § 571.015 RSMo.1986, on June 22, 1988. The trial court ultimately sentenced McCann, as a prior and persistent offender, to concurrent twenty-five year terms on the attempted robbery counts, and to concurrent ten-year terms on the armed criminal action counts to run consecutively to the robbery sentences.[1]

---

1. On July 20, 1988, the trial court initially sentenced McCann, as a prior and persistent offender, to concurrent life terms on Counts I and II of attempted robbery and to concurrent 10–year terms on the armed criminal action Counts III and IV to run consecutively to the life terms. On March 3, 1989, at the evidentiary hearing on McCann's 29.15 motion for post-conviction relief, the motion court acknowledged that the life sentences were statutorily incorrect for a Class B felony. The motion court then resentenced McCann to *consecutive* 25–year terms on Counts I and II with the sentences for Counts III and IV to remain the same. However, in its findings of fact and conclusions of law, issued on April 19, 1989, the motion court misstated McCann's sentence as concurrent 30–year terms on Counts I and II with concurrent 20–year sentences on

On October 15, 1988, McCann filed a motion for post-conviction relief pursuant to Rule 29.15. He filed an amended motion on December 16, 1988. Following an evidentiary hearing, the motion judge denied McCann's petition for post-conviction relief. McCann now appeals both his original conviction and the denial of his 29.15 motion.

The record discloses the following facts. On September 17, 1986, at 10:50 a.m., Margaret O'Shaughnessy (hereinafter O'Shaughnessy), an off-duty St. Louis Police officer, entered Chapter One Bookstore in University City. Judy Brust (hereinafter Brust), the store clerk, was the only other person in the store at that time. After O'Shaughnessy selected a book, she and Brust proceeded to opposite sides of the cashier's counter to complete the sales transaction. As O'Shaughnessy was writing her check, an individual, later identified as McCann, entered the store. McCann approached the women and demanded O'Shaughnessy's wallet and the contents of the cash register. Both women saw the gun in McCann's right hand and began to comply with his request. As O'Shaughnessy reached into her purse, she felt her gun and decided to defend herself. She simultaneously reached for her wallet in her back pocket and attempted to remove her gun from her purse. Her badge was visible as she handed McCann her wallet. She then announced that she was a police officer and turned with gun in hand towards McCann. As McCann stepped back, his gun discharged. McCann began to run, collided with a bookcase, and dropped his gun. O'Shaughnessy ordered him to the floor and handcuffed him as Brust called the police. When the police arrived, McCann was arrested and transported to the police station.

McCann raises two points on appeal.[2] He first contends that the trial court improperly excluded hearsay testimony intended to show that McCann had been involuntarily intoxicated at the time of the robbery. Secondly, McCann asserts that he was denied effective assistance of counsel because his trial counsel failed to call an expert to testify about the effects of PCP intoxication.

At trial, McCann asserted the defense of involuntary intoxication. He claims that his friend Danny Mason (hereinafter Mason), who died prior to trial, had given him a cigarette laced with PCP on the morning of the robbery. McCann also claimed that he smoked the cigarette, not knowing of the alleged PCP, and began to hallucinate. He alleged that he had no memory of the events that occurred from the time he smoked the cigarette until the time he was being questioned at the police station.

To substantiate his defense, McCann sought to introduce the testimony of another friend, Michael Bragg (hereinafter Bragg), concerning a statement Mason made to Bragg. According to McCann's offer of proof, Bragg would testify that Mason told him that the cigarette Mason gave to McCann contained PCP. Sustaining the prosecutor's objection, the trial court first excluded Mason's statement as hearsay when defense counsel sought to refer to it in his opening statement. The trial court again sustained the prosecutor's hearsay objection to this testimony when Bragg was introduced as a witness.

Counts III and IV to run consecutively to the sentences on Counts I and II. On April 28, 1989, the trial court corrected the April 19th judgment *nunc pro tunc* by changing the 25–year sentences on Counts III and IV to the original 10–year terms. On January 17, 1990, the trial court corrected its March 3rd judgment and further corrected the April 19th order by resentencing McCann to *concurrent* 25–year terms on Counts I and II with concurrent 10–year terms on Counts III and IV to run consecutively to the sentences on Count I and II.

**2.** Initially, McCann raised three points on appeal. In one point, McCann argued that the motion court, in its attempt to correct the original concurrent life sentences, erred in pronouncing on the record consecutive 25–year sentences because the new sentence impermissibly increased the amount of time McCann would be required to serve. McCann also argued that the motion court, in its findings of fact, improperly stated that the new sentence was concurrent 30–year terms. This point was disposed of on January 17, 1990, when the trial court entered an order *nunc pro tunc* modifying McCann's sentence and providing all the relief that McCann had requested with respect to this point of error.

In Point I, McCann contends that the trial court erred in excluding, as inadmissible hearsay, Bragg's testimony regarding Mason's assertion that the cigarette contained PCP. In the alternative, he argues that the testimony should have been admitted under the exception to the hearsay rule that allows declarations against penal interest.

■■■ Hearsay evidence is in-court testimony of an extrajudicial statement that is offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant. *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981). McCann contends that Bragg's testimony constituted no inadmissible hearsay because it was not offered to prove the truth of Mason's statement itself, that is to say, that the cigarette did contain PCP. The testimony was instead intended to explain McCann's conduct and his loss of memory after smoking the cigarette. McCann relies on the principle that testimony by an in-court witness about another's statement, offered in explanation of conduct rather than as proof of the facts asserted in the statement, does not constitute inadmissible hearsay. *State v. Murray*, 744 S.W.2d 762, 773 (Mo. banc 1988); *State v. Brooks*, 618 S.W.2d 22, 25 (Mo. banc 1981); *State v. Jordan*, 751 S.W.2d 68, 75 (Mo.App.1988).

■■■ We first note that because McCann failed to advance this particular argument at trial when the State raised its hearsay objections, the issue has not been properly preserved for appellate review. We can, however, examine the alleged error for "plain error" under Rule 30.20.

Courts have held the that a statement offered in explanation of conduct is not inadmissible hearsay when the statement in question is being offered to explain the conduct of the person who heard the statement. *See State v. Murray*, 744 S.W.2d at 773; *State v. Brooks*, 618 S.W.2d at 25; *State v. Jordan*, 751 S.W.2d at 75. In each of these cases, the relevance of the statement in question does not depend on its truthfulness. For example, in *Brooks*, the prosecutor was allowed to testify that an informant told police that drugs were being sold at defendant's home because this statement was offered not to prove that the information received by police was true, but rather to explain subsequent police surveillance of the house. *Brooks*, 618 S.W.2d at 25.

This principle is, however, inapplicable to the facts of this case. Bragg's testimony about Mason's statement that PCP was in the cigarette would only explain McCann's conduct if the facts of the statement were believed to be true. Because Mason's statement was only relevant if offered to prove the truth of the matter asserted therein, the trial court correctly excluded this testimony as hearsay.

■■■ In the alternative, McCann argues that Bragg's testimony is admissible as an exception to the hearsay rule because it constitutes a declaration against Mason's penal interest. This issue also has not been properly preserved for appellate review because defense counsel failed to assert this exception to the hearsay rule at trial. McCann asks this Court to consider the alleged error as "plain error."

■■■ The general rule in Missouri is that declarations against penal interest by a third party are not admissible as an exception to the hearsay rule in criminal proceedings. *State v. Turner*, 623 S.W.2d 4, 8 (Mo. banc 1981); *State v. Rogers*, 758 S.W.2d 199, 201 (Mo.App.1988); *State v. Acklin*, 737 S.W.2d 743, 745 (Mo.App.1987). An exception to the general rule requires that such statements be admitted as a due process right if made under circumstances assuring their reliability. *State v. Rogers*, 758 S.W.2d at 201; *Acklin*, 737 S.W.2d at 745.

The hearsay exception for declarations against penal interest contemplates a situation in which a third party has confessed to the crime with which defendant has been charged. *See McCormick on Evidence* 824 (3d ed. 1984). Mason's statement to Bragg that he had given McCann a cigarette containing PCP does not amount to a confession of the bookstore robbery; and the statement, if true, would not exonerate

McCann. The hearsay exception for declarations against penal interest is inapplicable to the facts of this case. McCann's first point is denied.

In Point II, McCann asserts that he was denied effective assistance of counsel because his defense counsel did not call an expert witness to testify about the effects of PCP intoxication.

Appellate review of the denial of a 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.-15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The trial court's findings and conclusions are deemed clearly erroneous only if the appellate court is left with the definite and firm impression that a mistake has been made. *Day*, 770 S.W.2d at 695–6; *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

A defendant is entitled to an attorney who exercises the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, the movant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Nave v. State*, 757 S.W.2d 249, 251 (Mo.App.1988); *Sanders*, 738 S.W.2d at 857. A strong presumption exists that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2065; *Hamm v. State*, 768 S.W.2d 574, 576–7 (Mo.App.1989). Furthermore, the selection of witnesses and the introduction of evidence are questions of trial strategy, not a basis for finding ineffective assistance of counsel. *Sanders*, 738 S.W.2d at 858; *Franklin v. State*, 655 S.W.2d 561, 565 (Mo.App.1983).

McCann contends that his counsel's failure to present evidence of the effects of PCP intoxication prejudiced his defense of involuntary intoxication. McCann's theory was that his behavior in robbing the bookstore resulted from his ingestion of PCP. He contends that the members of the jury were unable adequately to determine whether his actions resulted from PCP intoxication because they lacked information about the behavior of a person who has ingested PCP.

At the evidentiary hearing, however, McCann presented no evidence that an expert existed who could testify to the effects that PCP had on McCann's behavior at the time of the robbery. The motion court found no evidence that, had such an expert been available, the testimony would have been beneficial to McCann's case. Moreover, the record fails to indicate that the outcome of the trial would have been different had this testimony been obtained.

McCann has, therefore, failed to show that the conduct of his defense counsel was outside the scope of reasonable trial strategy or that a manifest injustice or miscarriage of justice occurred. McCann's second point is denied.

Judgment affirmed.

CARL R. GAERTNER and STEPHAN, JJ., concur.