Clarence McCANN, Appellant,

v.

**Bill M. ARMONTROUT, Appellee.**

No. 91–2589.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided Aug. 25, 1992.

Rehearing and Rehearing En Banc Denied Sept. 30, 1992.

Nathan S. Cohen, St. Louis, Mo., argued, for appellant.

Frank A. Jung, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellee.

Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Clarence McCann ("petitioner") appeals from a final order entered in the United States District Court[1] for the Eastern District of Missouri denying his *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reversal, petitioner argues that the district court erred in (1) refusing to hold an evidentiary hearing; (2)

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

holding, on the merits, that petitioner's trial counsel was not ineffective; and (3) failing to appoint counsel. For the reasons discussed below, we affirm the order of the district court.

## Background

On September 17, 1986, off-duty police officer Margaret O'Shaughnessy was buying a book at the Chapter One bookstore in University City, Missouri, when petitioner entered the store carrying an automatic handgun. O'Shaughnessy and the store clerk were the only ones in the bookstore at the time. Brandishing the gun, petitioner demanded the money in the cash register and O'Shaughnessy's wallet. As O'Shaughnessy handed petitioner her wallet, her badge became visible. She immediately pulled her off-duty revolver from her purse and announced that she was a police officer. Petitioner stepped back and his gun discharged. He then attempted to flee, but ran into a bookcase and fell, dropping his gun. Officers from the University City Police Department were called to the scene to assist O'Shaughnessy. Following his arrest, petitioner was taken to the police station where he was booked and questioned.

Petitioner was charged with two counts of attempted robbery and two counts of armed criminal action. He was tried in Missouri state court, where he was represented by the public defender's office. His theory of defense at trial was that he lacked the necessary criminal intent to commit the crimes charged because he was involuntarily intoxicated with phencyclidine (PCP) at the time the offenses occurred.

At trial, petitioner called Michael Bragg as a witness. According to Bragg, petitioner had stayed with Bragg's neighbor, Dan Mason (deceased at the time of trial), the night before the incident at the bookstore. Bragg testified that on the morning of the incident, petitioner and Mason were in Bragg's apartment when petitioner asked Mason for a cigarette and Mason complied. According to Bragg, Mason frequently laced his cigarettes with PCP. Bragg testified that petitioner smoked part of the cigarette but did not finish it because, according to Bragg, petitioner said it tasted "funny."[2] Then petitioner left.

Petitioner also testified at trial. He gave virtually the same account of the events in Bragg's apartment. According to petitioner, he could not remember anything that occurred from the time he left Mason's apartment until some time later when he found himself in a holding cell at the police station.

The state trial court instructed the jury on the defense of involuntary intoxication. The jury found petitioner guilty on all counts. Petitioner was sentenced to twenty-five years for each of the two counts of attempted robbery, to run concurrently, and ten years for each of the armed criminal action counts, also to run concurrently, for a total sentence of thirty-five years.[3]

Petitioner filed a *pro se* motion for postconviction relief in the state trial court, pursuant to Missouri Supreme Court Rule 29.15. After new counsel was appointed for petitioner, an amended motion was filed which alleged, among other things, that petitioner had been denied effective assistance of counsel at trial because trial counsel failed to call an expert to testify about the possible effects of PCP. The state trial court held an evidentiary hearing on petitioner's ineffective assistance claim. The state court held that petitioner was not denied effective assistance of counsel at trial. *McCann v. State*, No. 584515 (Mo. Cir.Ct. Apr. 19, 1989). The Missouri Court of Appeals affirmed. *State v. McCann*, 792 S.W.2d 890, 894 (Mo.Ct.App.1990).

Having exhausted his state court remedies, petitioner, *pro se*, brought the present action in federal district court seeking a

---

**2.** The state trial court excluded on hearsay grounds additional testimony by Bragg regarding statements allegedly made by Mason which apparently would have indicated that the particular cigarette smoked by petitioner had in fact been laced with PCP.

**3.** The state court initially sentenced petitioner to life imprisonment for the attempted robbery counts but later reduced the sentences pursuant to petitioner's motion for postconviction relief on grounds that the sentence exceeded the statutory maximum.

writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court referred the matter to a magistrate judge pursuant to 28 U.S.C. § 636(b). Without holding an evidentiary hearing or appointing counsel to represent petitioner, the magistrate judge[4] recommended that the petition be denied based upon information in the state court record. *McCann v. Armontrout,* No. 90-1769C(6) (E.D.Mo. Mar. 22, 1991) (magistrate judge's report and recommendation). The district court adopted the magistrate judge's report and recommendation. *Id.* (May 21, 1991) (order). This appeal followed.[5]

## Discussion

### *Denial of evidentiary hearing.*

Petitioner first argues that the district court erred in failing to hold an evidentiary hearing on his claim that he was denied effective assistance of counsel at his trial in state court. Petitioner contends that the district court could not presume the correctness of the state courts' findings, and thus was obligated to hold a separate evidentiary hearing, because the merits of petitioner's claim were not resolved at the postconviction hearing in state court, 28 U.S.C. § 2254(d)(1), and the material facts were not adequately developed at that state court hearing. 28 U.S.C. § 2254(d)(3).[6] The State of Missouri argues in response that petitioner was not entitled to an evidentiary hearing in district court because petitioner was given a fair hearing in state court on his motion for postconviction relief and the facts in dispute could be determined on the basis of the state court record.

In *Keeney v. Tamayo-Reyes,* —— U.S. ——, —— n. 5, 112 S.Ct. 1715, 1720 n. 5, 118 L.Ed.2d 318 (1992) (*Keeney*), the Supreme Court interpreted § 2254(d) as not governing the question of when an evidentiary hearing is required, "rather, [§ 2254] lists exceptions to the normal presumption of correctness of state-court findings and deals with the burden of proof where hearings are held." Now, under *Keeney,* in order for petitioner to be entitled to an evidentiary hearing in federal district court, petitioner must show both cause for his failure to adequately develop the facts material to his ineffective assistance claim in the postconviction state court hearing and actual prejudice resulting therefrom; alternatively, petitioner must show that a fundamental miscarriage of justice would result from the denial of an evidentiary hearing in federal court. *Id.* —— U.S. at ——, 112 S.Ct. at 1720-21. In order for us to find that a fundamental miscarriage of justice would result from denial of an evidentiary hearing in federal court, petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

Ordinarily, we would remand the case to the district court to afford petitioner the opportunity to present evidence establishing cause and prejudice. However, no grounds for cause appear from the record.[7]

4. The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

5. Petitioner has appointed counsel representing him on appeal.

6. Section 2254(d) provides:
   In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
   (1) that the merits of the factual dispute were not resolved in the State court hearing;
   ....
   (3) that the material facts were not adequately developed at the State court hearing....

7. Because a criminal defendant has no constitutional right to the effective assistance of counsel at a state postconviction proceeding, ineffective assistance of counsel cannot be a basis for asserting cause in this context. *See Coleman v. Thompson,* —— U.S. ——, —— – ——, 111 S.Ct. 2546, 2566-67, 115 L.Ed.2d 640 (1991).

Moreover, no prejudice to petitioner resulted because, as discussed below, we are able to determine the merits of petitioner's ineffective assistance claim from the state court record and we hold, on the merits, that petitioner was not denied effective assistance of trial counsel. For the same reason, we hold that a fundamental miscarriage of justice would not result from the denial of an evidentiary hearing in federal court because no violation of petitioner's constitutional rights occurred. Accordingly, the district court did not err in denying petitioner's request for an evidentiary hearing.

*Effectiveness of trial counsel*

■ Petitioner was represented by counsel at his state postconviction hearing and was given a full and fair opportunity to present evidence to demonstrate that, because his trial counsel failed to call a PCP expert as a witness, his Sixth Amendment rights were violated. The only witness to testify for petitioner at the postconviction hearing was petitioner himself. He testified that he had been represented by two attorneys from the public defender's office because his first attorney left the public defender's office shortly before his case went to trial. Public defender Andy Walker represented petitioner for approximately eighteen months. Public defender Paul Madison took over the case approximately three months before trial. According to petitioner, Walker had advised him on the involuntary intoxication defense and told petitioner that he had arranged for an expert to testify at trial about the effects of PCP. Petitioner testified that he told Madison before his trial began about Walker's plan to call a PCP expert, but Madison was only interested in discussing the possibility of a plea. Petitioner did not enter a plea and Madison tried the case. Madison did not call a PCP expert to testify at trial.

Petitioner's postconviction counsel did not call either of petitioner's two trial attorneys—Walker or Madison—as witnesses at the postconviction hearing. Nor did he call the PCP expert who allegedly would have testified at trial, or any other PCP expert. The state trial court found petitioner's testimony to be "not credible." *McCann v. State,* No. 584515, slip op. at 9. As a result, the state trial court concluded:

> [Petitioner] has failed to substantiate his allegation that an expert existed who could testify to the effects of PCP on [petitioner's] intent at the time of the offense.
>
> No evidence was adduced showing that if such an expert did exist his [or her] testimony would have been favorable to [petitioner].
>
> There was no evidence presented tending to show or suggest that the outcome of the trial would have been different had such an expert testified at trial.

*Id.* at 4–5 (paragraph numbers omitted). The Missouri Court of Appeals agreed with these findings. *State v. McCann,* 792 S.W.2d at 894.

■ To the extent petitioner argues that the state court's findings may not be presumed correct because the exceptions under §§ 2254(d)(1) and (3) apply, we disagree. Petitioner's ineffective assistance claim was resolved on the merits in the state court hearing and the record was adequately developed. Although it is plausible that petitioner's attorney might have taken steps to create a better record at petitioner's postconviction hearing by, for example, calling additional witnesses, the state trial court was in no way responsible for the omission of such evidence and thus we cannot say the record was not adequately developed for purposes of applying § 2254(d)(3). *See, e.g., May v. Collins,* 955 F.2d 299, 315 n. 19 (5th Cir.1992) (conclusion that § 2254 petitioner received an adequate hearing in state court disposed of determination under § 2254(d)(3) because the hearing procedure was sufficient to enable the development of material facts and because petitioner was not prevented in any way from placing all relevant information before the factfinder).

■ Whether counsel was ineffective involves a mixed question of law and fact and thus is not subject to the presumption of correctness applicable to historical facts under 28 U.S.C. § 2254(d). *Lawrence v. Armontrout,* 900 F.2d 127, 129 (8th Cir.

1990). The district court held that Madison's failure to call a PCP expert at trial did not deny petitioner effective assistance of counsel. Upon de novo review, we agree.

In order to prove ineffective assistance of counsel, petitioner must show that (1) Madison's performance was so deficient as to fall below an objective standard of reasonable competence and (2) the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*Strickland*). In order to establish prejudice under *Strickland*, "[petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

We hold that Madison's representation did not constitute ineffective assistance of counsel because petitioner's defense was not prejudiced by Madison's failure to call a PCP expert. We decline to reach the issue of whether Madison's performance was objectively deficient. *See id.* at 697, 104 S.Ct. at 2069 (a court may examine the prejudice to the defendant resulting from the alleged deficiencies in counsel's representation without determining whether the representation actually was deficient).

We have carefully reviewed the trial transcript. Petitioner's defense was based entirely upon a theory of involuntary intoxication resulting from his allegedly having smoked part of a PCP-laced cigarette given to him by Mason on the morning of the robbery attempt. Despite Madison's advice that petitioner remain silent at trial, petitioner chose to testify. On direct examination, petitioner gave his account of the events occurring on that morning. According to petitioner, after he took a few puffs of the cigarette given to him by Mason, he stopped smoking it because it tasted stale.

He testified that immediately afterward he began hallucinating.

The prosecutor cross-examined petitioner extensively about the events in the bookstore, petitioner's arrest, and the events following the arrest. Consistent with his involuntary intoxication defense, petitioner stated that he recalled nothing from the time he left Bragg's apartment until sometime later when he found himself in a holding cell at the police station. In response to specific cross-examination questions about his arrest, petitioner stated that he did not recall talking to Officer Joseph Dowling, the University City police officer who transported petitioner from the bookstore to the police station and questioned petitioner at the station. When asked about one of the trial exhibits, a waiver document entitled "Miranda Rules," dated September 17, 1986, petitioner continued to deny any memory of the relevant events at the police station, even though the waiver document bore handwritten answers to printed questions on the form and his name was signed at the bottom. Petitioner testified that he did not remember reading the questions on the document aloud to Officer Dowling and did not remember writing any answers on the form. He testified that the name on the signature line of the form was his but he did not recall signing the form. He also testified that the signature did not look like his signature. The prosecutor also asked petitioner whether, while at the police station, he gave a statement to Officer Dowling regarding the bookstore incident. Again, consistent with his intoxication defense, petitioner denied having any memory of making such a statement.[8]

On rebuttal, the prosecutor called Officer Dowling to the stand. Dowling's testimony contradicted petitioner's testimony that he had no memory or knowledge of his actions from the time he left Bragg's apartment until some time later when he became aware that he was in a holding cell. Dowling testified that when he transported petitioner from the bookstore to the police station, petitioner's demeanor was calm and his behavior not unusual. Dowling testi-

---

**8.** In addition, the prosecutor questioned petitioner about numerous prior convictions, in order to impeach petitioner's credibility. These included ten convictions for theft or burglary, two drug-related convictions, and a conviction for armed robbery.

fied that petitioner, while in Dowling's presence at the police station, read the Miranda waiver document aloud, wrote answers to the questions on the form, and signed his name at the bottom of the form. According to Dowling, petitioner then gave an oral statement confessing to the robbery attempt and detailing the events that occurred in the bookstore. Dowling also testified that petitioner claimed at the time to have taken drugs, but said that the last time he had taken any was at noon the previous day, September 16, 1986. Dowling testified that petitioner's appearance at the time of the arrest and interview was normal "in every way."

In view of the evidence in the trial record demonstrating that petitioner was aware of his actions at the time of the offense, we hold that there is no reasonable probability that the result of the trial would have been different had Madison called a PCP expert as a witness for the defense. We therefore hold, on the merits, that petitioner was not denied effective assistance of counsel at trial.

*Appointment of habeas counsel*

■ Petitioner separately argues that the district court erred in failing to appoint counsel to assist him with his petition for habeas corpus relief despite the "substantial legal issues" raised in the petition. Petitioner argues that this is a case where, under 18 U.S.C. § 3006A, the interest of justice requires the appointment of counsel. We hold that the district court did not abuse its discretion in denying petitioner's request for appointment of counsel because the issues could properly be resolved on the basis of the state court record. *See Travis v. Lockhart,* 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for appointment of counsel where allegations were properly resolved on the basis of the state court record).

Accordingly, we affirm the order of the district court.