**STATE of Missouri, Respondent,**

v.

**David LARNER, Appellant.**

**David LARNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 59912, 62013.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 10, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 16, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Lew A. Kollias, Raymond Legg, Emmett D. Queener, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

This is a consolidated appeal of Defendant's conviction for resisting arrest and denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We affirm.

On June 29, 1990, two women informed Trooper Vicki Fohey they had observed Defendant driving erratically. As the women were talking with Fohey, Defendant parked his vehicle approximately one-half block away and entered a tavern. While Fohey watched Defendant's automobile, Deputy Sheriff David Keith joined her at her request. Approximately twenty minutes later, Defendant returned to his automobile. Fohey and Keith followed him in separate cars to observe his driving habits. At first, they noticed no erratic driving. However, just before reaching his destination, he drove down the middle of the road, turned down the wrong way, and then failed to signal a right turn. Fohey activated her lights. Defendant increased his speed, continued down the wrong side of the road, and then parked on the wrong side of the street.

Defendant ran into the home of his friend Randall Brown. Fohey and Keith pursued him and asked him to step outside of the house. He refused and went to the kitchen at the back of the house with the officers behind him. After Defendant verbally threatened the officers, Fohey placed him under arrest. Defendant continued refusing to comply with the officers' requests for information and to leave the house. Fohey went to her car and radioed for additional assistance. Deputy Lavern Whitaker of the Lewis County Sheriff's Department arrived approximately ten minutes later. As Whitaker approached the kitchen, Defendant pulled a steak knife from a wooden block on the table and threatened the officers' lives. The officers drew their weapons. After about one minute, he threw down the knife and spit in Whitaker's face. The officers physically restrained and handcuffed him.

On August 9, 1990, the State filed its original information. The information purported to charge Defendant with a Class D felony of resisting arrest. However, the underlying offenses alleged were misdemeanors: failing to drive on right half of the roadway and assault of a law enforcement officer in the third degree. On December 13, 1990, the State filed its first amended information, which added a charge against Defendant as a prior offender.

On the morning of trial, January 16, 1991, the trial court granted the State leave to file its second amended information. The second amended information also charged Defendant with resisting arrest. However, the underlying offense alleged was a felony, unlawful use of a weapon. The jury convicted Defendant of the felony of resisting arrest. On March 7, 1991, the trial court sentenced Defendant to four years' imprisonment. Defendant filed his

notice of appeal on March 15, 1991. He then filed a timely Rule 29.15 motion, suspending his appeal. The trial court denied his 29.15 motion on March 5, 1992. His appeals were consolidated.

On the appeal of his conviction for resisting arrest, Defendant raises one point:

The trial court plainly erred in granting the State leave to file a second amended information ... because the second amended information charged Appellant with a different and distinct offense from that charged in the original information ... and Appellant's substantial rights were therefore prejudiced in that the original information charged Appellant with the misdemeanor of resisting arrest for a traffic offense and assault in the third degree on a law enforcement officer, while the second amended information charged Appellant with the felony of resisting arrest for unlawful use of a weapon.

Defendant failed to raise this point in his motion for new trial. However, Defendant requests review of this point as a matter of plain error affecting substantial rights pursuant to Rule 30.20. An information may be amended before verdict "if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Rule 23.08; § 545.-300, RSMo 1986; *State v. Greathouse*, 789 S.W.2d 50, 52[2] (Mo.App.1990).

 Defendant asserts he was charged with a different offense in the second amended information. He asserts the felony of resisting arrest is a different offense from the original misdemeanor of resisting arrest charge. We inquire whether the offense alleged in the amended information has different elements from the original offense alleged. *See Greathouse*, 789 S.W.2d at 51–52[3]; and *State v. Badakhsan*, 721 S.W.2d 18, 20 (Mo.App.1986). Section 575.150, RSMo 1986, states:

1. A person commits the crime of resisting or interfering with arrest if, knowing that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, he:

(1) Resists the arrest of himself by using or threatening the use of violence or physical force or by fleeing from such officer;

\* \* \* \* \* \*

4. Resisting, by means other than flight, or interfering with an arrest for a felony is a class D felony; otherwise, resisting or interfering with arrest is a class A misdemeanor.

The three elements of resisting arrest are: (1) knowledge that a law enforcement officer is making an arrest; (2) purpose on the part of the defendant to prevent the officer from effecting the arrest; and (3) resisting the arrest by use or threat of violence of physical force. *State v. Mansfield*, 748 S.W.2d 949, 953[4] (Mo.App.1988). "The basic elements of the offense do not require that the arrest be for any particular offense." *Id.* Therefore, amending the information to change the underlying offense from a misdemeanor to a felony did not change any of the elements of the original offense alleged, resisting arrest. The amendment of an information to invoke the prior and persistent offender statute to enhance sentence is not a charge of a different offense and neither is the amendment of stealing to that of stealing more than $150. *State v. Rogers*, 758 S.W.2d 199, 201–02[6] (Mo.App.1988); *State v. Thornhill*, 770 S.W.2d 701, 702[3] (Mo.App.1989). Likewise, in the case at bar, the amendment of the information to change the underlying offense merely enhanced the sentence. In the amended complaint, original information, first amended information and second amended information, Defendant was consistently charged with resisting arrest under § 575.150, RSMo 1986, a Class D felony punishable under §§ 558.011.1(4) and 560.011 by using violence or physical force. The only change in the second amended information was charging the officers with making an arrest of Defendant for his "unlawful use of a weapon." Defendant also chose to represent himself at trial. He did not ask for a continuance. The second amended information did not allege a different offense.

In addition, Defendant was not prejudiced by the amendment. The test for prejudice is "whether a defense to the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment." *State v. Bratton*, 779 S.W.2d 633, 634[2] (Mo.App.1989). *See also State v. White*, 608 S.W.2d 134, 136[2] (Mo.App. 1980). Defendant failed to point out any defense he had under the original information which was not also equally available after the amendment. Further, he did not indicate he had any evidence which could no longer be presented after the State amended its information. Point denied.

Defendant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. He alleged he was denied due process of law by such denial because his "conviction and sentence for resisting arrest was obtained based upon the false and perjured testimony of Lewis County Deputy Sheriff Laverne (sic) Whitaker who testified at Movant's trial that he thought he was responding to Randy Brown's residence in response to Brown's alleged suicide."

 Our review of the trial court's finding is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). We may find such findings and conclusions clearly erroneous only if we are left with the firm and definite impression a mistake has been made. *Foster v. State*, 748 S.W.2d 903, 905 (Mo.App.1988).

Since the record conclusively shows Defendant is not entitled to relief, no hearing is required. Rule 29.15(g). Defendant has failed to show (1) the alleged perjured testimony was deliberately false and known to be false; (2) the prosecutor was aware of its falsity; and (3) the conviction was obtained because of the perjured testimony. *Voegtlin v. State*, 546 S.W.2d 40, 41[1] (Mo.App.1977).

Defendant alleged only that Whitaker had lied about whether he knew of the true reason for his call to the Brown home. This allegation would not warrant relief if true, because Defendant failed to also allege the prosecutor knew of the false testimony. In addition, Defendant failed to allege that his conviction was obtained because of the perjured testimony. Whether Whitaker knew the true reason for responding to the call is immaterial and did not affect the conviction. Point denied.

Judgment affirmed.

CRANE and AHRENS, JJ., concur.