19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Damon Allen STRICKLAND, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2866.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 8, 1994.
Filed: March 1, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Damon Allen Strickland appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 In August 1990, a jury found Strickland guilty of one count of conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. Sec. 846, and one count of distribution of cocaine base within 1000 feet of a school in violation of 21 U.S.C. Sec. 841(a)(1). United States v. Strickland, No. 91-1322, slip op. at 1 (8th Cir. July 31, 1991) (unpublished per curiam). At sentencing, Strickland's attorney stipulated that Strickland was responsible for 4.58 grams of cocaine base, and the district court sentenced Strickland to 121 months imprisonment. Id. On appeal, Strickland argued that the district court erroneously concluded he was responsible for 4.58 grams of cocaine base. Id. We held that "Strickland waived any objection to the district court's finding of 4.58 grams[, and that] the district court's finding [was] not clearly erroneous." Id., slip op. at 2 (citation omitted).
 
 
 3
 In July 1992, Strickland filed this section 2255 motion claiming (1) that counsel was ineffective at sentencing and on appeal for stipulating that Strickland was responsible for 4.58 grams; (2) that his due process rights were violated when his sentence was enhanced under U.S.S.G. Sec. 2D1.1(b)(1) for possession of a firearm during a drug transaction, because the jury could not reach a decision with regard to the count in the indictment charging him with violation of 18 U.S.C. Sec. 924(c)(1), and the court declared a mistrial with regard to the count; and (3) that the court improperly enhanced his base offense level under U.S.S.G. Sec. 3B1.1 for being a leader or organizer. The district court denied relief, and Strickland appeals.
 
 
 4
 We review de novo ineffective-assistance claims. McCann v. Armontrout, 973 F.2d 655, 659 (8th Cir. 1992), cert. denied, 113 S. Ct. 1342 (1993). "To establish ineffective assistance of counsel, [a petitioner] must show that counsel's representation fell below an objective standard of reasonableness and that the result of the ... proceeding was rendered unreliable or fundamentally unfair by counsel's deficient performance." West v. United States, 994 F.2d 510, 513 (8th Cir. 1993). Strickland, however, points to no evidence that counsel should have introduced or legal arguments that counsel should have made that would have affected the district court's quantity determination at sentencing. As a result, Strickland's ineffective-assistance claim fails because he has not shown that counsel's representation was deficient. See Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993).
 
 
 5
 We cannot review Strickland's second and third claims. Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, see United States v. Frady, 456 U.S. 152, 167-68 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988) (per curiam). Strickland procedurally defaulted these two claims by failing to raise them on direct appeal. In addition, Strickland has neither shown cause and prejudice to excuse his default nor made any showing that the alleged errors resulted in a miscarriage of justice.
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri