UNITED STATES of America,
Plaintiff–Appellee,

v.

Stanley Frank BARSKI, Defendant–Appellant.

No. 91–50615.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1992.

Decided July 1, 1992.

John Lanahan, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Melanie K. Pierson, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before: ALARCON, NORRIS, and O'SCANNLAIN, Circuit Judges.

## OPINION

PER CURIAM:

Stanley Barski appeals his sentence for tax evasion on the ground that Sentencing Guideline 2T1.3(a)(1) violates due process because it creates an irrebuttable presumption that tax loss is 28 percent of unreported taxable income.[1] In this case, as required by that provision, the district court calculated the tax loss by multiplying the taxable income understated—$210,894.45—by 28 percent. It is uncontested that Barski's tax rate was lower than 28 percent and that the amount of taxes he owed was at most $35,884.25.

Barski's argument implicitly assumes that the legally operative fact is the actual amount of tax loss, and that this fact is determined by a conclusive presumption that tax loss is 28 percent of unreported income. We cannot indulge this assumption. In *United States v. Smith*, 905 F.2d 1296, 1300 (9th Cir.1990), we rejected a due process challenge to a Guideline provision that required courts to "treat the loss for a financial institution or post office as at least $5,000." *Id.* In rejecting an argument that the Guideline at issue there created an irrebuttable presumption in violation of due process, we "disagree[d] with the very premise that [the Guideline provision] sets up some sort of 'presumption.'" *Id.* at 1301. We further stated in *Smith* that it is the "nature of the institution and

not the amount stolen" that is the legally operative fact. *Id.* *See also United States v. Jordan*, 964 F.2d 944, 947 (9th Cir.1992) (Guideline equating one marijuana plant with one kilogram of dried marijuana "does not create an evidentiary presumption" but rather "functions only as a measure of culpability for sentencing purposes."). By analogy, Guideline 2T1.3(a)(1) establishes the legally operative fact as the amount of unreported income.[2]

Because Guideline 2T1.3(a)(1) only affects sentencing, and does not create an evidentiary presumption, "Barski mistakenly relies upon cases that involve the use of presumptions in proving elements of a crime at the guilt phase of trials. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

Accordingly, and for the reasons set forth in our memorandum disposition also filed today, Barski's sentence is AFFIRMED.

---

1. We address Barski's other arguments relating to the conviction and sentence in an unpublished memorandum disposition filed today.

2. Barski makes no other argument regarding the constitutionality of Guideline 2T1.3(a)(1), and our holding is therefore limited to the conclusion that it does not create an irrebuttable presumption in violation of due process.