**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Moses Otis WILLIAMS, a/k/a Chubby,**
**Defendant–Appellant.**

**No. 92–6142**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 10, 1992.

T. Randall Lyons, Montgomery, Ala., for defendant-appellant.

Charysse L. Alexander, Asst. Atty. Gen., Montgomery, Ala., for plaintiff-appellee.

Before FAY and EDMONDSON, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM.

Defendant/Appellant brings this appeal from his conviction on the charge of carrying a firearm while committing a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The only issue presented is whether the government sufficiently proved that Appellant possessed a firearm. Appellant's entire argument is that because the government failed to produce the alleged firearm at trial, the evidence was not sufficient to prove that Appellant carried a firearm. The government presented the eyewitness testimony of a law enforcement officer trained in the use of pump shotguns, the type of weapon Appellant was charged with carrying. According to

this witness, who saw the alleged firearm at arm's length, Appellant carried a sawed-off pump shotgun with a pistol grip. The defendant's own voice on a tape of a conversation which transpired at the time of the offense contains his admission that he carried a gun that was sawed-off.

This evidence is sufficient to allow a jury to decide that the defendant was carrying a firearm. The failure to produce the actual gun at trial is not fatal to the charge of carrying a firearm when a trained law enforcement officer testifies that he saw and recognized a firearm. *See United States v. Rouco*, 765 F.2d 983 (11th Cir.1985), *reh'g denied, en banc*, 772 F.2d 918 (11th Cir. Fla.1985), *cert. denied*, 475 U.S. 1124, 106 S.Ct. 1646, 90 L.Ed.2d 190 (1986) (conviction for carrying a firearm during a felony sustained where firearm not produced at trial but experienced law enforcement officer familiar with weapons testified that alleged firearm was a firearm and circumstantial evidence of use of a firearm was also presented). Several other circuits have held that failure to introduce an alleged firearm into evidence at trial does not prevent a jury from concluding that a firearm was present when a person familiar with firearms testifies that he recognized a firearm. *See, e.g., United States v. Castillo*, 924 F.2d 1227 (2nd Cir.1991); *United States v. Hayes*, 919 F.2d 1262 (7th Cir. 1990); *United States v. Liles*, 432 F.2d 18 (9th Cir.1970). We agree with the reasoning of these decisions.

Another argument proffered by Appellant is that the government failed to prove that the alleged weapon was not an antique firearm. Antique firearms are specifically excluded from the definition of firearms by 18 U.S.C. section 921(a)(3). The antique weapons exception is an affirmative defense which must be raised by the defendant before the burden of disproving an antique weapon shifts to the government. *United States v. Laroche*, 723 F.2d 1541 (11th Cir.), *cert. denied*, 467 U.S. 1245, 104 S.Ct. 3521, 82 L.Ed.2d 829 (1984). Here, the defendant raised no such defense, and, therefore, the antique weapon exception is unavailing.

AFFIRMED.