UNITED STATES of America, Appellee,

v.

Virgil WASHINGTON, Appellant.

No. 93–1606.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1993.

Decided Feb. 16, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied April 18, 1994.

---

Counsel who presented argument on behalf of the appellant was Lee Lawless, St. Louis, MO.

Counsel who presented argument on behalf of the appellee was Thomas Mehan, AUSA, St. Louis, MO.

Before JOHN R. GIBSON,* Senior Circuit Judge, HANSEN, Circuit Judge, and MELLOY,** District Judge.

HANSEN, Circuit Judge.

Virgil Washington was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after he used a shotgun in an armed robbery of a St. Louis jewelry store. The district court sentenced Washington to 250 months of imprisonment. On appeal, Washington challenges the sufficiency of the evidence, the admission of the robbery victim's testimony, and the district court's failure to impose a sentence concurrent with an undischarged state-court sentence. We affirm the conviction but remand for the entry of orders with respect to the interplay between Washington's federal sentence and two other state-court sentences.

## I.

■ Washington raises three issues on appeal. He first contends that the government presented insufficient evidence to prove that his shotgun was not an antique firearm and to prove that it traveled in interstate commerce. We view the evidence in the light most favorable to the government, and we draw all reasonable inferences that support the verdict. We will reverse only if no reasonable jury could find beyond a reasonable doubt that Washington was guilty of the offense charged. See United States v. Johnson, 12 F.3d 827, 831 (8th Cir.1994).

The statute under which Washington was charged and convicted provides: "It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or

foreign commerce, or possess in or affecting commerce, any firearm...." 18 U.S.C. § 922(g)(1). The firearm must be "designed to or may be readily converted to expel a projectile by the action of an explosive." Id. § 921(a)(3)(A). The term "firearm" does not include an antique firearm, id. § 921(a)(3), which is defined as "any firearm ... manufactured in or before 1898," id. § 921(a)(16)(A).

■ A defendant who seeks acquittal on the ground that the firearm he possessed is an antique firearm bears the burden to produce evidence sufficient to raise a genuine dispute about whether the firearm is an antique. Only then does the government need to prove beyond a reasonable doubt that the firearm is not an antique firearm. See United States v. Smith, 981 F.2d 887, 891–92 (6th Cir.1992); United States v. Williams, 979 F.2d 186, 187 (11th Cir.1992), cert. denied, — U.S. —, 113 S.Ct. 2359, 124 L.Ed.2d 267 (1993); United States v. Mayo, 705 F.2d 62, 73–76 (2d Cir.1983). Because Washington presented no evidence on this issue (or any other issue), the government was not obligated to prove that the firearm was not an antique firearm. See Williams, 979 F.2d at 187; United States v. Laroche, 723 F.2d 1541, 1543 (11th Cir.), cert. denied, 467 U.S. 1245, 104 S.Ct. 3521, 82 L.Ed.2d 829 (1984). Nonetheless, for reasons that do not appear in the appellate record, the government undertook this burden during its case-in-chief. Its expert testified that Washington's shotgun was manufactured in the "first part of the 1900s," (Trial Tr. at 39), which the expert defined as the period from 1900 to 1950, (id. at 46). He expressed his opinion to the jury that the firearm was not an antique firearm. We find this evidence sufficient for a jury to find that the firearm was not an antique firearm.

■ To prove that Washington's possession of the shotgun was in or affected interstate commerce, the government need only

* The HONORABLE JOHN R. GIBSON was an active judge at the time this case was argued. He became a Senior Circuit Judge on January 1, 1994.

** The HONORABLE MICHAEL J. MELLOY, Chief Judge of the United States District Court for the Northern District of Iowa, sitting by designation.

present evidence that " 'the firearm [had] been, at some time, in interstate commerce.' " *United States v. Rodriguez*, 915 F.2d 397, 399 (8th Cir.1990) (quoting *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977)). The government's expert testified that the shotgun was labeled "Central Arms Company, St. Louis, Missouri"; that the Central Arms brand name was used by the Shapley Hardware Company of St. Louis; that Shapley Hardware purchased its firearms from out-of-state manufacturers such as Crescent Firearms of Norwich, Connecticut; and that he has never seen a firearm that was manufactured in the state of Missouri. He expressed his opinion to the jury that the firearm was manufactured outside of Missouri and shipped into Missouri. (Trial Tr. at 38–42, 49.) We believe this evidence is sufficient for a jury to find that Washington possessed a firearm in a manner in or affecting interstate commerce.

## II.

Washington next contends that the district court erred by permitting the government to present unduly prejudicial evidence. We review the district court's ruling on this issue for abuse of discretion. *United States v. Weddell*, 890 F.2d 106, 108 (8th Cir.1989).

At the beginning of the government's case-in-chief, the government and Washington stipulated that Washington had previously been convicted of a felony punishable by imprisonment of more than one year. (Trial Tr. at 17.) Washington also had offered to stipulate that he knowingly possessed a Charter Arms Company 12–gauge, double-barrelled shotgun on December 11, 1991, but the government did not accept that offer. (*See id.* at 23–24.) During the government's case-in-chief, Washington objected to the prosecutor's direct examination of the robbery victim, and the district court overruled the objection. (*See id.* at 20.) Washington now argues that the robbery victim's testimony was unduly prejudicial because it informed the jury of the nature of the armed robbery. Washington concedes that the government generally is not obligated to accept

an offer of a stipulation. *See United States v. Hiland*, 909 F.2d 1114, 1134 (8th Cir.1990). Nonetheless, he argues that the district court, when it balanced relevance against prejudice, should have given greater weight to the government's rejection of the offer to stipulate.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed.R.Evid. 403. We agree with Washington that a "critical aspect of [Rule 403 balancing] is whether the challenged evidence is probative of issues other than the one to which the defendant[ ] offered to stipulate." *Hiland*, 909 F.2d at 1134. But we believe that the objected-to evidence in this case was not unduly prejudicial. There were not many questions asked of the robbery victim. The questions asked and answers elicited were not communicated in a manner likely to appeal to jurors' emotions. For example:

Q. Was that shotgun that was pointed at you, did it work?

A. Yeah.

Q. Was it discharged while Mr. Washington was in the store with you?

A. Yes, he had it right here, (indicating), at first and I grabbed it and he discharged it in my arm.

Q. It hit your arm?

A. Yes, forearm.

[PROSECUTOR]: I have nothing further, Judge.

(Trial Tr. at 26–27.) In sum, all of the evidence that was received was offered to prove factual issues that were in dispute and "to present to the jury a complete picture of the events constituting the crime charged." *Hiland*, 909 F.2d at 1134. The trial judge exercised his Rule 403 discretion in refusing admission to the government's photograph of the interior scene of the robbery because it was too bloody. (Trial Tr. at 23–24.) We conclude that the district court did not err.

### III.

■ Washington last contends that the district court erred by failing to order that his sentence run concurrently with a Missouri sentence that was imposed upon his conviction for the armed jewelry store robbery, which was based on the same conduct at issue here. During the interval between Washington's conviction and sentencing hearing in this case, he was convicted in state court and sentenced to life imprisonment with the possibility of parole after 40 years. At his federal sentencing hearing, Washington asked the district court to order that his federal sentence run concurrently with his state-court sentence. The district court did not specify whether the federal sentence was concurrent with or consecutive to the Missouri sentence, nor did it specify whether the federal sentence was concurrent with or consecutive to an undischarged California sentence that predates Washington's robbery of the St. Louis jewelry store. The government urges us to affirm and to leave the matter to the discretion of the Bureau of Prisons. Because this issue concerns the district court's application of the Sentencing Guidelines, we review it *de novo*. *United States v. Gullickson*, 981 F.2d 344, 346 (8th Cir.1992).

■ The relevant guideline provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3. Subsection (a) clearly does not apply to the Missouri sentence, which was imposed after Washington committed the instant offense. Subsection (b), however, does apply because the district court fully considered the conduct supporting the Missouri sentence when it calculated Washington's offense level: he was given a base offense level of 20, *see* U.S.S.G. § 2B3.1(a); he was assessed a seven-level increase because he discharged his weapon, *see id.* § 2B3.1(b)(2); and he was assessed a six-level increase because the victim sustained permanent bodily injuries, *see id.* § 2B3.1(b)(3)(C). *See* U.S.S.G. § 2K2.1(c)(1)(A). Thus, the district court was required to make Washington's federal sentence run concurrently with his undischarged Missouri sentence. *See* U.S.S.G. § 5G1.3(b). Because the district court's judgment is silent on this issue, we remand with instructions to the district court to enter an order which ensures that Washington serves his federal sentence concurrently with his Missouri sentence, as is his entitlement.

The district court's judgment also is silent concerning Washington's undischarged California sentence. In 1986, Washington was sentenced to nine years of imprisonment for robbery and assault, and on May 7, 1991, he was paroled. His parole was revoked on September 23, 1991, when he failed to report for supervision and could not be located. Because the California parole authority may order a person returned to prison after his parole is revoked, *see* West's Ann.Cal.Penal Code § 3060, and because, when so ordered, such a person is considered an "escapee" until his return to custody, *see id.* § 3064, and because this record does not clearly reveal what action the California authorities took, the district court may be authorized by U.S.S.G. § 5G1.3(a) to order that the federal sentence run consecutively to the California sentence. If subsection (a) does not apply, the district court is otherwise authorized to fashion a consecutive sentence "to achieve a reasonable incremental punishment for the instant offense." *See id.* § 5G1.3(c), p.s.; *United States v. Muzingo*, 999 F.2d 361, 363 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 575, 126 L.Ed.2d 474 (1993); *Gullickson*, 981 F.2d at 346–48. On remand, the district court should consider this issue and expressly state whether the federal sentence should be served consecutively to or concur-

rently with the undischarged California sentence.

## IV.

We affirm Washington's conviction and remand the case to the district court for further proceedings consistent with this opinion.