UNITED STATES of America, Appellee,

v.

Dennis B. SATHER, Jr., Appellant.

No. 94–1032.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1994.

Decided July 5, 1994.

Rehearing and Suggestion for
Rehearing En Banc Denied
Aug. 12, 1994.

Leslie D. Johnson, Fargo, ND, for appellant.

Gary Annear, First Asst. U.S. Atty., Fargo, ND, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LIVELY,* Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Dennis B. Sather Jr. appeals his jury conviction and sentence for possession of ammunition by a felon. *See* 18 U.S.C. § 922(g)(1) (1988). Having carefully reviewed the record, we conclude the challenged statements the Government made in its closing argument at trial did not affect Sather's substantial rights resulting in a miscarriage of justice. *See United States v. Fuller*, 887 F.2d 144, 148 (8th Cir.1989) (plain error standard), *cert. denied*, 496 U.S. 908, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990). In addition, we reject Sather's Eighth Amendment cruel and unusual punishment challenge to the length of his sentence. Because Sather had already been convicted of at least three violent felonies or drug offenses, *see* 18 U.S.C. § 924(e)(1), the district court properly sentenced Sather as an armed career crimi-

* The HONORABLE PIERCE LIVELY, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

nal, U.S.S.G. § 4B1.4(a) (Nov.1993). *See United States v. Ailport,* 17 F.3d 235, 238 (8th Cir.1994).

■ Although both Sather and the Government contend this case should be remanded to allow the district court to clarify whether Sather's federal sentence should run concurrently with or consecutively to several state sentences, including a sentence for violating his state probation terms, we believe a remand is unnecessary. The district court stated that it "specifically does not make [the federal sentence] concurrent with any other sentence." Because the district court did not consider the conduct supporting the state sentences when it calculated Sather's offense level, the district court was not required to make Sather's federal sentence concurrent to his state sentences. *See* U.S.S.G. § 5G1.3(b); *United States v. Washington,* 17 F.3d 230, 234 (8th Cir.1994).

■ Contrary to the Government's position, *Washington* does not require a remand for resentencing. In *Washington,* despite the defendant's request for a concurrent federal sentence, the district court did not specify whether the defendant's federal sentence would run concurrently with or consecutively to his state sentences. Because the district court failed to rule on this issue, and under § 5G1.3(b) it was clear the defendant was entitled to a federal sentence concurrent with at least one of his state sentences, the panel remanded the case for resentencing. *Washington,* 17 F.3d at 234. In this case, however, the district court properly made Sather's federal sentence consecutive to his state sentences. *See* U.S.S.G. § 5G1.3(c) & n. 4.

Thus, we affirm.

RICHARD S. ARNOLD, Chief Judge, concurring in part and dissenting in part.

I fully agree with the Court that the conviction should be affirmed, and that the Eighth Amendment poses no obstacle to the sentence imposed.

In my view, however, the sentence should be vacated and the cause remanded for resentencing in accordance with the position taken by both parties in this Court. At the oral argument counsel for the government asked that the case be sent back to the District Court for reconsideration of the sentence in light of *United States v. Washington,* 17 F.3d 230 (8th Cir.1994). Counsel for the United States took the position that "in fairness" the District Court should make the initial decision as to the applicability of this recent decision, which was decided after the sentence was imposed in the instant case.

The following colloquy took place:

Chief Judge Arnold: [A]re you saying then that it's okay—that you agree that the case should be remanded for resentencing, and that it is possible for the Court, on remand, to make the sentence concurrent? I mean, legally.

Counsel for the United States: Yes, yes. It would legally be possible, yes sir.

Chief Judge Arnold: All right. I wonder if we—would it be appropriate for us to handle it by simply remanding it? I mean, we'd have to deal with the other arguments, of course. But let's assume for the sake of discussion that we reject the arguments that go with the conviction, and that we remanded for resentencing, and just let both sides have a new go in light of the new case and the position you are now taking. Is that in accord with your position?

Counsel for the United States: Well, I take it the Court can make a decision on the issues that have been presented, except segregate out the remand for resentencing.

Chief Judge Arnold: That's what I'm saying.

Counsel for the United States: Yes. Okay.

I do not believe it is a good use of this Court's time and effort to decide questions that both parties agree should be sent back to the District Court for re-examination. Accordingly, I respectfully dissent from the Court's affirmance of the sentence in this case.