37 F.3d 1503
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Shirley A. WHITFIELD, Appellant.
 No. 93-3163.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 31, 1994.
Filed: October 7, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Shirley A. Whitfield appeals her convictions for twenty-three counts of aiding or assisting the filing of false tax returns in violation of 26 U.S.C. Sec. 7206(2), and the 30-month sentence imposed by the district court. We affirm her conviction, but vacate her sentence and remand for further proceedings consistent with this opinion.
 
 
 2
 Whitfield argues that, under Federal Rules of Evidence 404(b) and 403, the trial court erred in admitting a tape recording of her conversation with an undercover IRS agent, and the agent's testimony. We review the admission of Rule 404(b) evidence for an abuse of discretion. See United States v. Williams, 994 F.2d 1287, 1289 (8th Cir. 1993).
 
 
 3
 IRS Special Agent Rufus Banks, Jr., testified that he visited Whitfield, posing as an individual in need of tax assistance, and that he electronically recorded the conversation. Banks also testified that Whitfield prepared a false return for him by including the name of a fictitious dependent under the age of two so a social security number would not be required. Whitfield told him that she would not include income he was paid in cash unless he received a W-2. She also listed expenses he never incurred. A tape recording of Banks's conversation with Whitfield was authenticated, admitted it into evidence, and played for the jury; a transcript was also introduced into evidence. Whitfield had filed a pretrial motion to exclude Banks's testimony and the tape recorded evidence; she also objected at trial.
 
 
 4
 Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). We disagree with Whitfield's argument that the tape recording and testimony were inadmissible because the jury might infer her intent to commit the charged crimes from the intent to commit the uncharged conduct evidenced by her conversation with the IRS agent. Rather, we agree with the district court that the evidence demonstrated Whitfield's method of operation. At trial, several individuals testified that Whitfield prepared their returns and, without their knowledge, made false entries-like those discussed with Agent Banks-to assure that they received a refund check. Thus, the evidence was probative of the crimes charged, and was not "other crimes" evidence. See United States v. Aranda, 963 F.2d 211, 213-14 (8th Cir. 1992); United States v. Legendre, 657 F.2d 238, 242 (8th Cir.), cert. denied, 454 U.S. 1037 (1981).
 
 
 5
 Even if the testimony and tape recording were "other crimes" evidence, however, we conclude that the district court did not abuse its discretion by admitting them. "Rule 404(b) is one of inclusion rather than exclusion" and admits other crimes evidence relevant to any issue in the trial unless it tends to prove only criminal disposition. DeLuna, 763 F.2d at 912 (quoted case omitted); United States v. Derring, 592 F.2d 1003, 1007 (8th Cir. 1979); see also United States v. Bass, 794 F.2d 1305, 1312 (8th Cir.), cert. denied, 479 U.S. 869 (1986). Specifically, "[o]ther crimes" evidence is admissible to prove "motive, ... intent, ... knowledge, ... or absence of mistake or accident." Fed. R. Evid. 404(b). The tape recorded evidence shows that Whitfield knowingly and willfully invented information to assure that her clients received large, but unwarranted, refunds. The evidence also shows that the information was not placed on the tax returns by mistake or accident.
 
 
 6
 Whitfield also argues that the district court erred because it failed to give a limiting instruction in conjunction with the evidence. She did not request a limiting instruction at trial, however, and has not demonstrated the court's failure to give one amounted to plain error. Cf. Aranda, 963 F.2d at 216 (failure to give limiting instruction stating purpose of admission of Rule 404(b) evidence did not amount to plain error).
 
 
 7
 Whitfield argues she was denied her Sixth Amendment right to effective assistance of counsel. Although ineffective-assistance claims are usually reserved for 28 U.S.C. Sec. 2255 motions, we may consider Whitfield's claim now because it was considered by the district court when she requested new counsel before trial and when she moved for a new trial afterwards. Cf. United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993) (reviewing ineffective assistance claims on direct appeal where record was fully developed in hearing on motion for new trial). We review de novo ineffective-assistance claims, McCann v. Armontrout, 973 F.2d 655, 659-60 (8th Cir. 1992), cert. denied, 113 S. Ct. 1342 (1993), and conclude that Whitfield's claim fails because it is based on broad conclusory allegations, which she has failed to substantiate. See, e.g., Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (ineffective-assistance claims must specify action attorney should have taken and why it would have made a difference); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (ineffective-assistance claims must include basis upon which counsel should have relied when challenging evidence). We agree with the district court that she has not established counsel's performance fell below an objective standard of reasonableness or that she was prejudiced. See West v. United States, 994 F.2d 510, 513 (8th Cir. 1993).
 
 
 8
 Whitfield also challenges her sentence. The presentence report (PSR) indicated a base offense level of 17 (based on a tax loss of $1,312,789), and recommended a four-level increase pursuant to then-applicable U.S.S.G. Sec. 2T1.4(b)(1) and (3) (1992), and a two-level increase pursuant to U.S.S.G. Sec. 3C1.1 for obstruction of justice, resulting in a total offense level of 23. The government filed an objection, noting that it could prove only $406,047 in tax loss, resulting in a lower base offense level of 15, and a total offense level of 21. Whitfield also filed objections.
 
 
 9
 After IRS Agent Georgia Taylor testified that she computed the tax loss at $405,743 by using then-applicable U.S.S.G. Sec. 2T1.3 (1992), the court found the government proved by a preponderance of the evidence that the total tax loss was $405,743, that Whitfield obstructed justice, and that her base offense level was subject to only a two-level increase under section 2T1.4(b)(3) (1992), resulting in a total offense level of 19. With Whitfield's criminal history category of I, the Guidelines range was 30 to 37 months. The court sentenced Whitfield to 30 months imprisonment, to be followed by a twelve month term of supervised release, and imposed a $10,000 fine. On appeal, Whitfield argues that the district court incorrectly determined the "tax loss" under section 2T1.4, and we agree.
 
 
 10
 We review de novo the application of the Guidelines. United States v. Washington, 17 F.3d 230, 234 (8th Cir. 1994). The applicable 1992 Guidelines provide that the base offense level for violations of section 7206(2) is determined in accordance with the table in section 2T4.1, and the "tax loss" is determined in accordance with section 2T1.3. See U.S.S.G. Sec. 2T1.4(a) (1992). Section 2T1.3 of the 1992 Guidelines provides that "the 'tax loss' is 28 percent of the amount by which the greater of gross income and taxable income was understated, plus 100 percent of the total amount of any false credits claimed against tax." U.S.S.G. Sec. 2T1.3(a) (1992). The Guidelines also provide,
 
 
 11
 The amount by which the greater of gross income and taxable income was understated, plus 100 percent of the total amount of any false credits claimed against tax is calculated as follows: (1) determine the amount, if any, by which the gross income was understated; (2) determine the amount, if any, by which the taxable income was understated; and (3) determine the amount of any false credit(s) claimed (a tax "credit" is an item that reduces the amount of tax directly; in contrast, a "deduction" is an item that reduces the amount of taxable income). Use the amount determined under step (1) or (2), whichever is greater, plus any amount determined under step (3).
 
 
 12
 U.S.S.G. Sec. 2T1.3, comment. (n.4) (1992).
 
 
 13
 At sentencing, Taylor testified, "What we did is take all the items that had been adjusted excluding the earned income divided [sic] by 28 percent and added the credit back at 100 percent," and that the IRS determined a loss of $405,743. Later, however, she also testified, "you don't take the tax that was understated. What you take is what should have been reported to the [IRS], apply the rate ..." (testimony cut off by defense counsel). Whitfield's attorney then picked one of the tax returns at random, and asked Taylor to explain how she arrived at the "tax loss" figure for the return. As we understand Taylor's testimony, she stated that the taxpayer's reported-taxable income in 1988 was $9,307 and that her actual taxable income was $11,207, resulting in an understatement of $1,900. Taylor calculated the taxpayer owed the government a total of $1,684 in taxes, but had already paid, as indicated on the false 1989 return, $799, resulting in a net amount due of $885 which the government concluded was the "tax loss."
 
 
 14
 As we understand section 2T1.3, however, the "tax loss" for this tax return should have been $532 ($1900 X .28). See United States v. Valentino, 19 F.3d 463, 464 (9th Cir. 1994); see also United States v. Barski, 968 F.2d 936, 937 (9th Cir. 1992) (per curiam) (under section 2T1.3, actual tax loss is not Guidelines "tax loss"), cert. denied, 113 S. Ct. 1058 (1993). Cf. United States v. Schmidt, 935 F.2d 1440, 1450-51 (4th Cir. 1991) ("tax loss" is limited to under-reported income and non-legitimate deductions). Taylor, however, testified that $885 was correct "[b]ecause it's the difference between what actually should have been reported and what was actually reported to the [IRS.]" She also testified that the amount a person owes the government is the same as the amount used to calculate tax loss under the Sentencing Guidelines. As Whitfield's attorney attempted to point out to the court, Taylor was mistaken; the district court erred by relying on the incorrect tax loss calculations.
 
 
 15
 Accordingly, we affirm Whitfield's conviction, but vacate the sentence imposed by the district court and remand for resentencing. We note that the Sentencing Commission deleted section 2T1.3 by consolidation with section 2T1.4, effective November 1, 1993 (U.S.S.G. App. C, amend. 491), and that Whitfield will be sentenced under the amended Guidelines unless doing so would result in a harsher penalty. United States v. Edgar, 971 F.2d 89, 93 n.4 (8th Cir. 1992).