54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry D. ZEGZULA, Defendant-Appellant.
 No. 94-30199.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided May 10, 1995.
 
 Before: WRIGHT, BOOCHEVER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Zegzula was convicted of tax evasion, mail fraud and making false statements to a bank. He argues that the court erred in denying his motions for a tax expert, for substitution of appointed counsel and for a continuance. He also challenges numerous evidentiary rulings and jury instructions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 1. EXPERT ASSISTANCE
 
 3
 Zegzula has not shown that this case involved any complex issues of tax law. A tax expert was not necessary to establish his defense that he believed in good faith that dentists are not subject to income tax laws. There was no prejudice as required by United States v. Brewer, 783 F.2d 841, 842-43 (9th Cir.), cert. denied, 479 U.S. 831 (1986), and the court did not abuse its discretion. See United States v. Becerra, 992 F.2d 960, 965 (9th Cir. 1993).
 
 2. SUBSTITUTION OF COUNSEL
 
 4
 In reviewing the denial of a motion for substitution of counsel, we consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and the attorney was so great that it resulted in a total lack of communication preventing an adequate defense. United States v. Walker, 915 F.2d 480, 482 (9th Cir. 1990). We apply this test to motions for substitution of standby counsel. United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir. 1986).
 
 
 5
 The court did not abuse its discretion. See Walker, 915 F.2d at 482. Although Zegzula's motions for substitution were timely, the court inquired into the conflict[1] and the record does not show a total communication breakdown that prevented an adequate defense.[2] Moreover, seven months prior to trial, Zegzula requested that he act as his own counsel and that standby counsel be appointed. The court granted this motion and appointed Ms. Klein. During the ensuing seven months, neither Zegzula nor Ms. Klein raised any issue of conflict while Ms. Klein was serving in her capacity as standby counsel.
 
 3. CONTINUANCE
 
 6
 In reviewing the denial of a motion for continuance, we consider, among other things: (1) whether the continuance would have inconvenienced the court or the parties; (2) whether other continuances had been granted; (3) whether legitimate reasons existed for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant. United States v. Robinson, 967 F.2d 287, 291 (9th Cir. 1992).
 
 
 7
 The court did not abuse its discretion. See United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir. 1994), cert. denied, 115 S. Ct. 1323 (1995). A continuance would have further inconvenienced the court and the Government; three continuances had already been granted. Also, although Klein offered a legitimate reason for continuing (her lack of preparation), the court noted that "defendant [had not] shown any diligence in readying the defense at all." Klein had explained before to the court that the defendant refused to supply her with pleadings that he had filed. We have said that if a defendant's conduct "hinders the efficient administration of justice," we may affirm the denial of a continuance even if it results in the defendant being unrepresented at trial. United States v. Kelm, 827 F.2d 1319, 1322 (9th Cir. 1987).[3] Finally, Zegzula has failed to show prejudice.
 
 4. SUFFICIENCY OF EVIDENCE
 
 8
 We evaluate the evidence in the light most favorable to the Government, and reverse for insufficiency only if no rational trier of fact could have found the elements of the charged offense beyond a reasonable doubt. United States v. Quinn, 18 F.3d 1461, 1465 (9th Cir.), cert. denied, 114 S. Ct. 2755 (1994). One Government witness testified that Zegzula underreported his income. Even if there was evidence to the contrary, there was sufficient evidence for a reasonable jury to conclude that Zegzula's income was underreported.
 
 5. EVIDENTIARY RULINGS & JURY INSTRUCTIONS
 
 9
 Zegzula challenges 60 evidentiary rulings and 20 jury instructions. These arguments lack merit; he has not shown an abuse of discretion, an error of law, or prejudice.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At the pre-trial hearing on substitution, the court asked how "any other lawyer would be in a different position." Also, the court noted that defendant would have problems with any lawyer. Similarly, when the substitution issue was revisited at the beginning of trial, the court said, "The defendant isn't going to agree with any lawyer ...." Moreover, Zegzula stated that he no longer wished to represent himself. He specifically asked for Ms. Klein to serve as his standby counsel. He never, thereafter, moved for substitute counsel because of any conflict
 
 
 [2]
 Zegzula's attorney, Karen Klein, raised numerous evidence objections, cross-examined witnesses, offered jury instructions and objected to the government's proposed instructions. Also, at the beginning of trial, defendant said to the court, "I ... would like Karen Klein to be appointed as my counsel for the remainder of trial."
 
 
 [3]
 In contrast, the defendant in United States v. Wadsworth, 830 F.2d 1500 (9th Cir. 1987) (due process required continuance), did not contribute to any delay