111 F.3d 139
 79 A.F.T.R.2d 97-2160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry D. ZEGZULA, Defendant-Appellant.
 No. 96-30013.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 31, 1997.*
Decided April 2, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Zegzula appeals the district court's denial of his motion under 18 USC § 2255, seeking resentencing on a tax fraud conviction. We have jurisdiction under 28 USC § 2255, review de novo, United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996), and affirm.
 
 
 3
 Zegzula was convicted, after a jury trial, of eleven counts of tax evasion, twenty-one counts of mail fraud, and two counts of making false statements to a financial institution. He was sentenced to a prison term of thirty-seven months, and is currently on work release.
 
 
 4
 Zegzula appealed his conviction and sentence to this court; the appeal was denied. United States v. Zegzula, 1995 WL 275856 at ** 2 (9th Cir.1995). He then brought this § 2255 motion, asserting three bases for resentencing him: (1) his sentence was based on an incorrect amount of "tax loss"; (2) his counsel was ineffective; and (3) the court erroneously denied him expert assistance. He also asserts that his counsel was ineffective at trial. The district court denied the motion.
 
 I.
 
 5
 Zegzula contends that the district court should have allowed him to show that the "tax loss" for which he was sentenced was too great. His argument is that the tax loss is the amount of tax that he should have paid and did not; he claims that amount is $117,898. Zegzula was sentenced using a tax loss of $572,610, calculated as 28 percent of one half of the gross income earned by Zegzula and his wife but not reported. Zegzula argues that the overstated tax loss resulted in an offense level that was too high.
 
 
 6
 * Zegzula was sentenced using the 1992 Sentencing Guidelines. Under those Guidelines, Zegzula's sentence is correct. The Guidelines provide that "the 'tax loss' is the greater of: (A) the total amount of tax that the taxpayer evaded or attempted to evade; and (B) the 'tax loss' defined in § 2T1.3." USSG § 2T1.1(a) (1992) (emphasis added). Section 2T1.3 in turn provides that "the 'tax loss' is 28 percent of the amount by which the greater of gross income and taxable income was understated." Id. at § 2T1.3(a); see United States v. Barski, 968 F.2d 936, 937 (9th Cir.1992) (per curiam) (tax loss is percent of income, not amount of tax evaded, where former value is greater). The court correctly followed this formulation in calculating the tax loss as 28 percent of the unreported gross income.
 
 
 7
 Zegzula also argues that the district court erred in calculating tax loss using income figured before business expenses were deducted. He is wrong. He bases his argument on his contention that gross income equals sales minus cost of goods sold. But he has not shown or even argued that, as a dentist, he sold goods. There was no error. See United States v. Valentino, 19 F.3d 463, 464-65 (9th Cir.1994) (in calculating gross income, unclaimed deductions are "irrelevant") (quoting USSG § 2T1.1 note 4 (1992)).
 
 
 8
 Zegzula suggests that the 28 percent formula is unfair because the resulting penalty is greater than it would have been if his business had been incorporated. Again, he is wrong. If Zegzula had incorporated, the gross income of his business would have been multiplied by 34 percent, not 28 percent, to figure tax loss. USSG § 2T1.3(a) (1992).
 
 B
 
 9
 Zegzula was sentenced on April 11, 1994. He therefore should have been sentenced under the Sentencing Guidelines that became effective on November 1, 1993. USSG § 1B1.11(A)[1] (Policy Statement) (1993) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced"); United States v. Garcia-Cruz, 40 F.3d 986, 987 (9th Cir.1994) (same). However, the court sentenced Zegzula using the 1992 Guidelines, apparently because the presentence report had been prepared using the earlier version.[2]
 
 
 10
 Under the 1993 Guidelines the tax loss is "the amount of tax that the taxpayer owed and did not pay." USSG § 2T1.1(c)(2) (1993) (applying to offenses involving failure to file tax return). The court may calculate the loss as a percent of gross income, but only if no more accurate determination is available. Id. Zegzula offered to prove the amount of tax loss directly, and should have been permitted to do so.
 
 
 11
 However, the error was harmless. In calculating tax loss, uncharged relevant conduct must also be included. See USSG § 2T1.1, Note 2 (1993) (tax loss computing using all violations unless clearly unrelated). The trial court found that Zegzula evaded $2,648 of tax in 1977, a year for which he was not charged with evasion, and that this conduct was related to the charged violations. Zegzula does not challenge this finding. Accepting as true Zegzula's contention that the tax loss for the years in which he was charged was $117,898, the total tax loss was at least $120,546. Including enhancements employed by the court, the resulting offense level is 19 for the evasion charges, or one point less than was calculated under the 1992 Guidelines. However, when the mail fraud convictions are considered, the combined offense level is 20 in each case, and the Guideline range is also unchanged. The error therefore did not affect the sentence Zegzula received.
 
 II.
 
 12
 Because the error in using the 1992 Guidelines was harmless, Zegzula cannot prevail on the ineffective assistance of counsel claim arising out of it. To prevail on an ineffective assistance a claim a defendant must show "a reasonable probability that, but for the errors, the result of the proceeding would have been different." United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir.1995) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). The result of the proceeding would not have been different if the proper Guidelines had been used.
 
 
 13
 Zegzula also argues that his counsel was ineffective at sentencing for failing to introduce evidence of the actual loss to the government. Under the 1992 Guidelines, the calculation of tax loss was correct, and actual loss was irrelevant to that calculation. Counsel's failure to introduce irrelevant evidence does not constitute ineffective assistance. And in determining that use of the wrong Guidelines was harmless, we have given Zegzula the benefit of all of the evidence he now claims should have been introduced.
 
 
 14
 Zegzula's argument that the court erred in not appointing a tax expert to assist him at sentencing is similarly unavailing. Zegzula argues that expert help was necessary to help him calculate the amount of taxes avoided, but not to calculate the gross income proxy used by the court. We have accepted Zegzula's assertions about what he could have shown with expert assistance under the 1993 Guidelines. And under the 1992 Guidelines, the amount of taxes avoided was not relevant, and Zegzula was not prejudiced by being denied assistance. A defendant cannot claim error in the failure to appoint an expert unless he can show prejudice. United States v. Labansat, 94 F.3d 527, 530 (9th Cir.1996), cert. denied, --- U.S. ----, 65 USLW 3571 (U.S. February 18, 1997).
 
 
 15
 Finally, Zegzula's argument that his counsel was ineffective at trial, and that his convictions must be vacated, is meritless. The evidence of Zegzula's guilt was overwhelming, and we are confident that more effective counsel could not have produced a different result. Because Zegzula cannot show prejudice, we need not address whether his counsel's performance was deficient. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed").
 
 
 16
 The judgment is AFFIRMED. Zegzula's motion to file a late reply brief is GRANTED, and the brief is deemed filed when it was received.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. FRAP 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Though Zegzula did not object to use of the wrong Guidelines at trial or in his direct appeal, this court may properly consider the issue. Zegzula argues that his counsel was ineffective, and such claims are properly brought in a § 2255 petition. United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995) (reaching claim on direct appeal because record was adequate). Failure to object to use of the wrong Guidelines to the detriment of one's client falls below an "objective standard of reasonableness." See Strickland v. Washington, 466 U.S. 668, 688 (1984) (articulating standard). If Zegzula could show prejudice, he would be entitled to relief. Id. at 694
 
 
 [2]
 The United States argues that use of the 1992 Guidelines was correct, because the sentence under the 1993 Guidelines would have been higher than that under the 1992 Guidelines in violation of the ex post facto clause. However, this argument assumes that the tax loss would have been the same under either Guidelines. As discussed below, Zegzula has shown that under the 1993 Guidelines the tax loss might have been lower. Also, ex post facto violations occur when a sentence exceeds that which would have been proper when the offense was committed, not at some arbitrary time between the offense and the sentencing. There has been no suggestion that the sentence Zegzula would have received at the time of his offense (some of which preceded the Guidelines) would have been lower than that which was proper under the 1993 Guidelines