Ye v. Barr

BIA
Cheng, IJ
A206 061 653

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of June, two thousand nineteen.

PRESENT:
ROBERT D. SACK,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

YANJUN YE,
*Petitioner,*

v.                                                                17-1425
                                                                  NAC

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Kiley Kane,
                         Senior Litigation Counsel; Lynda
                         A. Do, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Yanjun Ye, a native and citizen of the People's Republic of China, seeks review of an April 13, 2017, decision of the BIA affirming an October 5, 2015, decision of an Immigration Judge ("IJ") denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanjun Ye,* No. A 206 061 653 (B.I.A. Apr. 13, 2017), *aff'g* No. A 206 061 653 (Immig. Ct. N.Y. City Oct. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). In making a credibility determination, the agency must "[c]onsider[] the totality of the circumstances" and may base

a finding on the applicant's "demeanor, candor, or responsiveness, . . . the inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's statements or between her statements and other evidence or witness statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64, 166-67 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, we cannot conclude that substantial evidence supports the adverse credibility determination.

Although the IJ may rely on "demeanor, candor, and responsiveness" in assessing credibility, 8 U.S.C. § 1158(b)(1)(B)(iii), and we generally defer to a fact-finder's assessment of demeanor, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005), the IJ's finding is, at least in part, contradicted by the record. The IJ found that Ye

was not responsive when asked why she was a Christian. But the transcript reveals that Ye responsively answered the question by stating, "Because I believe in God." The fact that she gave additional answers when repeatedly pressed by the Government to answer the same question does not undermine her credibility. Because a substantial part of the IJ's demeanor finding is contradicted by the record, it provides little support for the adverse credibility determination. *Cf. Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

The agency also erred in finding Ye inconsistent regarding the dates and length of her detention. Ye maintained that, in 2012, she was detained from August 19 to September 4, which she said totaled 15 days. The IJ simply disagreed with Ye's calculation of the length of her detention. This disagreement does not render Ye's testimony inconsistent, particularly given her explanation that she was counting the full days of her detention, not the day of her

4

arrest or the morning of her release. The IJ's misconstruing of this point infected her assessment of Ye's medical evidence, which was consistent with Ye's testimony that she was released from detention on September 4.

Finally, the agency erred in finding discrepancies between Ye's testimony and her documentary evidence. The IJ made three findings: the household register omitted Ye's family's identification as Christian; the household register should have listed a current address; and the fine receipt should have listed Ye's parents as the payers of the fine, rather than Ye who was the person fined. However, there is no evidence in the record of China's recordkeeping practices relevant to either household registers or fine receipts. "[A]bsent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005).

Given the agency's significant errors regarding Ye's demeanor, testimony, and documentary evidence, we remand because "we cannot confidently predict that the IJ would reach the same conclusion in the absence of these deficiencies."

*Hong Fei Gao*, 891 F.3d at 77 (internal quotation marks omitted).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6